```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**JAMES McKEIGHAN,**

                **Plaintiff,**

        **v.**                        **CASE NO. 08-3173-SAC**

**CORRECTIONS CORPORATION
OF AMERICA, et al.,**

                **Defendants.**

## O R D E R

On August 13, 2008, this court entered an Order screening the instant complaint and finding that plaintiff's claims were subject to being dismissed for reasons stated therein. Plaintiff was given time to show cause why this action should not be dismissed for failure to state a cause of action under either 42 U.S.C. § 1983 or 28 U.S.C. § 1331 and for failure to allege sufficient facts in support of a federal constitutional claim. Plaintiff has filed a Response, and a notice that he has been transferred to the United States Penitentiary, Leavenworth, Kansas. Having considered all the materials filed, the court finds as follows.

At the outset, the court notes that plaintiff's claims for injunctive and declaratory relief have been rendered moot by his transfer out of the CCA. Only his claims for damages remain.

Plaintiff sues named CCA employees and alleges he was subjected to unconstitutional conditions of confinement. He disagrees with the court's holding that CCA employees are not state actors or employees. He cites several cases; however, those cases are distinguishable because they actually involved state employees. CCA employees are employees of a private corporation, not the State of

Kansas. While this court clearly has jurisdiction over actions properly brought under both 42 U.S.C. § 1983 and 28 U.S.C. § 1331, plaintiff has not yet convinced the court that his claims are properly brought under either. The CCA employees creating and maintaining the conditions of which he complains, are not shown to be either state employees or federal officials. Plaintiff was advised that his claims against CCA employees may be more properly litigated in state court[1], and he is again warned that the statute of limitations for an action in state court is two years. The court finds a responsive pleading including briefing is required before the question of the jurisdiction of this court may be fully resolved.

All plaintiff's claims against defendant Terra Morehead and any other complaints regarding actions taken in connection with his federal criminal prosecution are dismissed. In its prior Order the court found plaintiff's claims against defendant Morehead for actions allegedly taken during his criminal prosecution in which she was the federal prosecutor were barred by prosecutorial immunity. This would include plaintiff's claims of prosecutorial misconduct intended to harass and prevent him from defending himself in his criminal trial. Plaintiff was also informed that his claims for money damages against Morehead for alleged prosecutorial misconduct are barred by Heck v. Humphrey as well[2]. Heck v. Humphrey, 512 U.S.

---

[1] The court does not determine at this juncture whether plaintiff's claims against Marshal Shute should have been brought under the Federal Tort Claims Act.

[2] As the court suggested, any claims which would call into question the legality of his criminal conviction, and this would include claims of improper actions taken to impede his presentation of a defense, must be litigated in his direct criminal appeal, before they may be the basis for a civil rights complaint.

477, 486-87 (1994). He has not shown cause why these claims should not be dismissed without prejudice.

The court found in its prior Order, that plaintiff's claims of cruel and unusual punishment based upon certain conditions of his confinement at the CCA were not supported by sufficient facts, including dates and duration. Plaintiff has alleged additional facts in his Response that he was denied any recreation or time outside his cell for 45 days in either 2007 or 2008 while he was housed in an overcrowded cell. The court finds a responsive pleading is required on this conditions claim. Plaintiff's other claims regarding clothes, supplies, and showers are dismissed for the reason that sufficient facts are not alleged in connection with these conditions to state a federal constitutional violation.

Plaintiff's claims that he was improperly placed in segregation and administrative detention without hearings or reasons were found in the court's prior order to not state a claim of denial of due process. Plaintiff's statement added in his Response that he was confined in segregation as punishment for attempting to defend in his criminal case requires a responsive pleading.

All plaintiff's other claims in his complaint, including that he was denied access to the law library and courts and deprived of property without due process, are dismissed for the reasons stated in the court's prior Order.

**IT IS THEREFORE ORDERED** that all plaintiff's claims for relief are dismissed, except those for money damages.

**IT IS FURTHER ORDERED** that all plaintiff's claims against defendant Terra Morehead and any other claims regarding actions

3

taken in connection with plaintiff's federal criminal prosecution are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's claims regarding conditions of confinement at the CCA are dismissed, except his claims that he was denied all recreation and time outside his cell while housed in an overcrowded cell and that he was confined in segregation as punishment for attempting to defend in his criminal case.

**IT IS FURTHER ORDERED** that the full filing fee of $350.00 is assessed against plaintiff in this case to be paid through payments from his inmate account pursuant to 28 U.S.C. § 1915(b) after the fees assessed in his prior case (Case No. 08-3003) have been paid in full.

**IT IS FURTHER ORDERED** that the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served on defendant(s) by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

Copies of this Order shall be transmitted to plaintiff, to defendants, to the CCA, to the United States Attorney for the District of Kansas, and to the Finance Officer at the institution where plaintiff is currently incarcerated.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2009, at Topeka, Kansas.

5

                                    s/Sam A. Crow
                                    U. S. Senior District Judge